<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF NEW JERSEY</u>

_____
Affiliated Mortgage Protection, LLC,    :
    Plaintiff,                                        :
                                                              :
v.                                                           :    Civil Action No. 06-4908 (DRD)
                                                              :    <u>OPINION</u>
Atta Tareen, Naureen Tareen, Nabil      :
Fahim, and Home Mortgage Protection, :
Inc.,                                                       :
    Defendants.                                    :
_____ :

Appearances by:

Martin Warren Aron, Esq.
Edwards, Angell, Palmer, & Dodge, LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5006

Mary L. Moore, Esq.
Edwards, Angell, Palmer, & Dodge, LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5006
    *Attorneys for Plaintiff Affiliated Mortgage Protection, LLC*

Linda G. Harvey, Esq.
Greenberg, Dauber, Epstein, & Tucker, PC
One Gateway Center - Suite 600
Newark, NJ 07102-5311
    *Attorney for Defendants Atta Tareen, Naureen Tareen, Nabil Fahim and Home*
    *Mortgage Protection, Inc.*

**DEBEVOISE, United States Senior District Judge**

       The Defendants seek to dismiss the claims against Naureen Tareen and Nabil Fahim citing

this Court's lack of in personam jurisdiction over them. Because the consulting agreement between

Home Mortgage Protection and Affiliated Mortgage established a continuous relationship between the Defendants and the Plaintiff, which benefitted Atta Tareen, Naureen Tareen and Nabil Fahim as officers and employees of Home Mortgage, the Court finds that Naureen Tareen and Nabil Fahim have waived their jurisdictional rights and have given implied consent to the jurisdiction of this court. Therefore, for the reasons cited below, the Defendants motion to dismiss the claims against Naureen Tareen and Nabil Fahim is denied with prejudice.

## BACKGROUND

According to the Declaration of Atta Tareen in Opposition to Defendants' Motion, which was submitted on November 20, 2006 to the Court in the California action,

> 3. Plaintiff Home Mortgage Protection, Inc. ("Home") is a California corporation that was incorporated on March 29, 2004. Home maintains its only office at 1215 West Imperial Highway, Suite 101, Brea, California 92821. Since its formation, Home has only had one office and it has always maintained an office only in California. Home currently has four employees, counting my wife and me.
>
> 4. I am employed by Home as a its chief executive officer. [Sic]. Naureen Tareen is my wife and is the chief financial officer for Home. Nabil Fahim is a sales agent for Home and works in Los Angeles, California.
> . . .
> 6. . . . Prior to signing the Consulting Contract, I had several insurance agents working for me . . . some of whom were and are my relatives. After becoming associated with Affiliated, I continued to hire sales agents as independent contractors to work for me who also sold policies of life insurance. I continued to act in this supervisory way as an individual until approximately November 2004.
>
> 7. In approximately November 2004, I discontinued conducting business [with Affiliated] in my own name and arranged to transfer my business to Home. All of the insurance agents who were working under my supervision as an individual were transferred to work instead as agents for Home. . . . Affiliated made the arrangements with Fidelity to transfer the agency relationships that I had developed with the agents working under my supervision to be transferred to the account that Fidelity established with Home. Pursuant to this contract, Home also engaged in the same line of work of supervising sales agents to sell insurance policies.
>
> 8. . . . Once I received the sales leads from Affiliated, I disbursed them to the various

2

>agents in accordance with the counties where the agents were located. The agents then would call such homeowners to attempt to persuade the homeowners to acquire a policy of life insurance . . . Almost all of the sales efforts by the agents working for me and later for Home were made in California.
>. . .
>18. I categorically deny the false charges against Home, my wife and me. We did not use one single lead that came to Home from Affiliated.

On November 22, 2004, Home Mortgage, through its CEO Atta Tareen, executed a regional manager consulting agreement with Affiliated Mortgage Protection, LLC ("Affiliated"). Affiliated is a corporation with its principal place of business in New Jersey that markets and sells insurance products in forty states through a network of about 600 insurance brokers and regional managers, including Home Mortgage. Affiliated's President and CEO is Matthew Goldberg ("Goldberg"), a New Jersey resident.

Affiliated is in the business of gathering information and generating lists of individuals who have recently purchased or refinanced a home and who may be interested in purchasing mortgage life insurance products. Affiliated provides these lists to its insurance brokers who make sales calls to the individuals. If, as a result of the sales call, the individual buys mortgage life insurance, the mortgage life insurance company will pay the broker a commission and will pay Affiliated an "override" commission for providing the list.[1]

The November 2004 regional manager consulting agreement between Home Mortgage and Affiliated contains the following clause:

>22. Governing Law: This Agreement is made and entered into in the State of New Jersey and will in all respects be interpreted, enforced and governed under the laws of said State. The Consultant hereby consents to jurisdiction within the State of New

---

[1] Fidelity and Guaranty Life Insurance Company serves as Affiliated's primary insurance carrier and pays commissions on the sales of its mortgage life insurance products directly to the insurance brokers, regional managers and Affiliated.

3

>Jersey in the federal, state or local courts for the purposes of any proceeding arising out of this Consulting Agreement and Consultant agrees not to bring any action against the Company in any other jurisdiction except New Jersey.

This consulting agreement remained in place until March 2006, when Atta Tareen terminated Home Mortgage's relationship with Affiliated. In his letter of notification of termination, Atta Tareen promised not to use Affiliate's lists and brokers beyond the termination date of March 2006.

Affiliated's complaint in the instant action alleges among other things,[2] however, that, after the termination of the relationship between Home Mortgage and Affiliated, the Defendants continued to use Affiliated's leads and proprietary information to secure business in breach of the agreement, engaged in direct competition with Affiliated, and solicited Affiliated's agents to sell mortgage life insurance through insurance carriers that were not approved by Affiliated. Affiliated also alleges that commission payments which rightly belonged to them instead were funneled from the unapproved insurance carriers through Naureen Tareen and Nabil Fahim to Atta Tareen and Home Protection.

On December 15, 2006, the Defendants moved to dismiss the claims against Naureen Tareen and Nabil Fahim for this Court's lack of in personam jurisdiction over them, arguing that both are residents of California and do not have the required minimum contacts with New Jersey that would make it reasonable to haul them into a New Jersey court. The Defendants state that they do not have real property, assets, or bank accounts in New Jersey, nor have they visited[3] or conducted business in New Jersey. Further, the Defendants state that they have not purposely availed themselves of the

---

[2] In addition to breach of contract, the Complaint alleges causes of action arising from and relating to the business relationship established in the consulting agreement, including unfair competition; equitable trust/accounting for profits; fraud; conversion and misappropriation of proprietary information; indemnification; and tortious interference.

[3] Naureen Tareen claims only to have passed through a New Jersey airport on her way home from vacation a number of years ago.

privileges and benefits of New Jersey laws. They contend, therefore, that this Court lacks jurisdiction over them and would violate their due process rights by requiring them to defend themselves in New Jersey.

## DISCUSSION

Based on the Declaration of Home Mortgage's CEO, Atta Tareen, provided to the California Court in November 2006, the Court finds that Naureen Tareen and Nabil Fahim were employees of Home Mortgage. As such, they are "closely related to the contractual relationship" and, therefore, are bound by the forum selection clause in the contract between Home Mortgage and Affiliated, giving this Court jurisdiction over them by implied consent.

The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). The due process clause, however, may not be used to shield individuals from accounting to other states for interstate obligations that they have voluntarily assumed, where the individuals have "purposefully derive benefit" from their interstate activities. Kulko v. California Superior Court, 436 U.S. 84, 96 (1978).

The critical issue "is [whether] the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297. Individuals who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to regulation and sanction in the other state as a result of their activities. Travelers Health Assn. v. Virginia, 339 U.S. 643, 647 (1950). See also McGee v. Intl. Life Ins. Co., 355 U.S. 220, 222-3 (1957). Even a single act by a defendant can support jurisdiction. McGee, 355 U.S. at 223.

Jurisdiction cannot be avoided merely because the defendant did not physically enter the forum State. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). "[M]odern transportation and communications have made it much less burdensome for a party sued to defend himself in [the forum] State." McGee, 355 U.S. at 223. The Supreme Court has consistently rejected the notion that absence of physical contacts alone can defeat personal jurisdiction. See, e.g., Keeton, 465 U.S. at 774-5; McGee, 355 U.S. at 222-3; Calder v. Jones, 465 U.S. 783, 778-90.

Additionally, parties may waive jurisdictional rights through a "variety of legal arrangements," wherein they give "express or implied consent to the personal jurisdiction of the court." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). In a commercial setting, parties may agree in advance to submit their controversies to a particular court. Natl. Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311 (1964). Enforcement of such "forum selection" clauses does not offend due process where the clauses are "freely negotiated" and are not "unreasonable and unjust." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

"The Ninth and Third Circuits and the California courts have determined that 'a range of transaction participants, parties and non-parties,' should benefit from and be subject to forum selection clauses." Drucker's, Inc. v. Pioneer Electronics (USA), Inc., 1993 WL 431162, *7 (D.N.J.Oct. 20, 1993) (citing Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 n. 5 (quoting Clinton v. Janger, 583 F. Supp. 284, 290 (N.D.Ill.1984)). See also, *e.g.*, TAAG Linhas Aereas v. Transam. Air., Inc., 915 F.2d 1351, 1354 (9th Cir.1990) (holding that third-party beneficiaries and other non-signatory defendants are subject to the forum selection clause); Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983) *cert. denied,* 464 U.S. 938 (1983) (holding that a third-party beneficiary is subject to the forum selection clause ), *overruled*

6

*on other grounds*.

"This is especially true where the non-party is a third party beneficiary of the disputed contract and it is foreseeable that dispute resolution would occur in a foreign jurisdiction." Clinton v. Janger, 583 F. Supp. 284, 290 (D.C.Ill.1984). "[A] third party beneficiary is bound by contract terms where claim arises out of the underlying contract to which it was an intended third party beneficiary. 9 U.S.C. § 1 et seq. See also, E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S. 269 F.3d 187 (3d Cir. 2001).

Thus, where a third party's conduct is "closely related to the contractual relationship," the forum selection clause applies to the third party. TAAG, 915 F.2d at 1354.

The consulting agreement between Home Mortgage and Affiliated contains a valid and enforceable New Jersey forum selection and choice of laws clause,[4] wherein the parties agreed to submit their controversies to New Jersey courts and those courts were to apply New Jersey laws. This clause was freely negotiated between Home Mortgage and Affiliated, and it is not unreasonable or unjust.

Under the consulting agreement, employees of Home Mortgage financially benefitted from Home Mortgage's contractual relationship with Affiliated when they used the sales leads, which were provided by Affiliated to Home Mortgage under the contract, to earn commissions. This was a continuing benefit for employees of Home Mortgage, derivative of the ongoing contractual relationship between Home Mortgage and Affiliated from November 2004. These employees

---

[4]This Court, as well as the Central District Court of California, have determined that the New Jersey forum selection clause in the consulting agreement between Home Mortgage and Affiliated is valid and enforceable. Additionally, the California Court determined that the forum selection clause is valid and enforceable against Atta Tareen, as an employee of Home Mortgage. That analysis will not be repeated here for the sake of judicial economy.

derived benefit from the contract and, therefore, even as non-signatories, are subject to the forum selection clause. Moreover, Home Mortgage employees are bound by the forum selection and choice of laws clause because the claims arise out of the contract from which the employees of Home Mortgage derived benefit. Therefore, the conduct of the employees is "closely related to the contractual relationship" and, the forum selection clause applies to the employees.

The Declaration of Atta Tareen, submitted in the California action, identifies Naureen Tareen and Nabil Fahim employees of Home Mortgage. Naureen Tareen is referred to specifically as both an employee and the chief financial officer. Nabil Fahim is referred to specifically as a sales agent. Neither Naureen Tareen nor Nabil Fahim argue that they were not employees of Home Mortgage. Instead, they rely on the argument that they lack personal contacts with the forum state of New Jersey.

As the Supreme Court has determined, mere lack of physical presence in New Jersey alone cannot defeat jurisdiction. As employees of Home Mortgage, they are "closely related to the contractual relationship" and, the forum selection clause applies to them. Through the forum selection clause, they have waived their jurisdictional rights and have given implied consent to the personal jurisdiction of this Court.

The Court, however, does not, in this case, accept the Plaintiff's argument that the Defendants' failure to raise the issue of personal jurisdiction in their motion to transfer precludes them from doing so now. Although there is a strong policy to conserve judicial time and effort, "[t]he whole philosophy behind the Federal Rules militates against placing parties in a procedural strait jacket by requiring them to possibly forego valid defenses by hurried and premature pleading." Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543, 547 (3d Cir. 1967).

Here, at oral argument on the Defendants' motion to transfer, the Defendants raised the issue to the Court and the Court permitted the Defendants to file a motion challenging the jurisdiction of the Court over the Defendants.

## **CONCLUSION**

Because the consulting agreement between Home Mortgage Protection and Affiliated Mortgage established a continuous relationship between the Defendants and the Plaintiff, which benefitted Atta Tareen, Naureen Tareen and Nabil Fahim as officers and employees of Home Mortgage, the Court finds that Naureen Tareen and Nabil Fahim have waived their jurisdictional rights and have given implied consent to the jurisdiction of this court. The Defendants' motion to dismiss Affiliate's claims against Naureen Tareen and Nabil Fahim will be dismissed with prejudice. An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: January 23, 2007

10