**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Affiliated Mortgage Protection, LLC,

Plaintiff,

v.

Atta Tareen, Naureen Tareen, Nabil Fahim, and Home Mortgage Protection, Inc.,

Defendants.

Civil Action No. 06-4908 (DRD)

**OPINION**

Appearances by:

Martin Warren Aron, Esq.
Edwards, Angell, Palmer, & Dodge, LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5006

Mary L. Moore, Esq.
Edwards, Angell, Palmer, & Dodge, LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5006

*Attorneys for Plaintiff Affiliated Mortgage Protection, LLC*

Linda G. Harvey, Esq.
Greenberg, Dauber, Epstein, & Tucker, PC
One Gateway Center - Suite 600
Newark, NJ 07102-5311

*Attorney for Defendants Atta Tareen, Naureen Tareen, Nabil Fahim and Home Mortgage Protection, Inc.*

**DEBEVOISE, United States Senior District Judge**

The Defendants' motion before this Court seeks an order either dismissing the action, pursuant to Fed. R. Civ. P. 12(b), or transferring the action to the United States District Court for the Central District of California ("Central District of California"), pursuant to 28 U.S.C. § 1404(a), where there was pending an earlier filed action arising out of similar transactions and occurrences and involving many of the same parties ("the California Action")[1].

This Court heard the parties' oral arguments on December 11, 2006 and requested that they file supplemental briefs. On January 3, 2007, however, before the deadline established for submission of the briefs, the Central District of California granted the motion of the Defendants in the California Action, Matthew Goldberg and Affiliated Mortgage, and transferred the California Action to this Court, for the reasons set forth in a thoughtful opinion.[2]

For the reasons cited below, the motion to dismiss, as well as its motion to transfer, made by Defendants Atta Tareen, Naureen Tareen, Nabil Fahim and Home Mortgage Protection, will be denied.

## BACKGROUND

**The Parties**

**Fidelity Guaranty Life Insurance Company**

Fidelity Guaranty Life Insurance Company ("F&G") is an insurance carrier whose main office is located in Baltimore, Maryland. F&G also maintains an office in Atlanta, Georgia. F&G

---

[1]The California Action was docketed in the Central District of California as Civil Action No. 06-1046.

[2]See Home Mortgage Protection Inc., et al. V. Matthew Goldberg, et al.,Case No. SACV 06-1046-JVS(MLGx), Civil Minutes - General, SELNA (C.D.Cal December 12, 2006).

is the primary insurance carrier for Affiliated Mortgage Protection, LLC ("Affiliated"). F&G has an agreement with Affiliated to pay Affiliated an override commission for each F&G mortgage insurance policy that is sold by an Affiliated insurance broker, as well as to pay a commission directly to the broker.

**Affiliated and Matthew Goldberg**

Affiliated is a corporation with its principal place of business in New Jersey that markets and sells insurance products in forty states through a network of about 600 insurance brokers and regional managers. Affiliated's President and CEO is Matthew Goldberg, a New Jersey resident.

Affiliated is in the business of gathering information and generating lists of individuals who have recently purchased or refinanced a home and who may be interested in purchasing mortgage life insurance products. Affiliated provides these lists to its insurance brokers who make sales calls to the individuals. If, as a result of the sales call, the individual buys mortgage life insurance, the mortgage life insurance company will pay the broker a commission and will pay Affiliated the "override" commission for providing the list.[3]

**Atta Tareen, Naureen Tareen and Nabil Fahim**

Atta Tareen, Naureen Tareen, and Nabil Fahim, citizens and residents of the State of California, are employed by Home Mortgage Protection, LLC.

**Home Mortgage Protection, LLC**

Home Mortgage Protection, LLC, ("Home Mortgage") is a California corporation authorized to

[3]F&G serves as Affiliated's primary insurance carrier and pays commissions on the sales of its mortgage life insurance products directly to the insurance brokers, regional managers and Affiliated.

conduct business in Orange County, California. Its principal is Atta Tareen.

**The Relationship Between Atta Tareen, Home Mortgage and Affiliated**

In 1998, Atta Tareen personally executed a consulting agreement with Affiliated to become one of its insurance brokers in California. Under this agreement, Atta Tareen received sales commissions from F&G for sales of F&G insurance products.

In 2004, Home Mortgage executed a consulting agreement with Affiliated to become a regional manager, which Atta Tareen, as the principal of Home Mortgage, signed. Under this agreement, Home Mortgage receives sales commissions from F&G for sales of F&G insurance products made by its insurance brokers. In addition, Affiliated receives an override commission on the sales of the F&G insurance products made by Atta Tareen and the other brokers under the regional management of Home Protection.

In February 2006, however, Atta Tareen notified Affiliated that he was severing the consulting relationships as of March 13, 2006.

On October 13, 2006, Affiliated brought an action in this Court against Atta Tareen, Naureen Tareen, Nabil Fahim, and Home Mortgage, alleging that after Atta Tareen severed his consulting relationship with Affiliated, he continued to do business in direct competition with Affiliated, using its leads, contacts and agents to sell mortgage life insurance through unapproved insurance carriers.[4]

On November 13, 2006, Defendants moved to dismiss the complaint filed against them,

[4]Affiliated's eight count complaint alleges breach of contract, unfair competition, fraud, conversion and misappropriation of confidential information and trade secrets, and tortious interference with contracts and prospective economic advantage, as well as disclosure and use of confidential information. Affiliated seeks compensatory and punitive damages, costs of suit, attorney fees, and equitable relief in the form of temporary and permanent injunctions against Tareens, Fahim and Home Mortgage.

pursuant to Fed. R. Civ. P. 12(b), arguing that the Court should enforce the "first-filed" rule, which would require this action to be litigated in California along with their action filed earlier in California.

In the alternative, Defendants moved to transfer the case to the Central District Court of California, pursuant to 28 U.S.C. 1404(a), asserting that, for reasons of fairness and judicial economy, California is the more convenient and appropriate forum to resolve the claims of the parties because the issues relate solely to conduct that occurred in California and because most parties and witnesses reside in California. Further, Defendants claim that California has a "peculiar public policy interest" that precludes the enforcement of the restrictive covenants that appear in the consulting agreements.

Plaintiffs oppose dismissal, arguing that the "first-filed" rule does not apply because Defendants, in bad faith and forum shopping, "rushed to the courthouse" in California to file the action in violation of the parties' agreement to arbitrate to avoid litigation.

Plaintiffs also oppose transfer, arguing that the action belongs in New Jersey because the parties, in signing the consulting agreements, agreed to a valid and mandatory New Jersey forum selection clause, as well as a New Jersey choice of laws clause. To avoid piecemeal litigation, Plaintiffs urge the Court to effectuate the intent of the parties to litigate in New Jersey, applying New Jersey law.

## DISCUSSION

### The "First-Filed" Rule

Defendants arguments concerning the first filed California Action have been preempted by the decision of the California district court, which has transferred that action here, for the reasons

set forth in a thoughtful opinion.

**The Forum Selection Clause**

**The Consulting Agreements**

The consulting agreements between Affiliated and Tareen and Affiliated and Home Mortgage both contain the following New Jersey forum selection clause, as well as a choice of law clause:

> This Agreement is made and entered into in the State of New Jersey and will in all respects be interpreted, enforced and governed under the laws of said State. The Consultant hereby consents to jurisdiction within the State of New Jersey in the federal, state or local courts for the purposes of any proceedings arising out this Consulting Agreement and Consultant agrees not to bring any action against the Company in any other jurisdiction except New Jersey.

**Applicable Case Law**

In federal court, the effect to be given to a contractual forum selection clause in a diversity case is determined by federal, not state, law. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

Under U.S.C. § 1406(a), however, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In addition, under 28 U.S.C. §1404(a), courts may transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, "[t]he burden of establishing the need for transfer still rests with the movant." Jumara, 55 F.3d at 879 (citations omitted).

The courts will give deference to the parties' venue preference expressed in a contractual clause. Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988). "[A] forum selection clause

is treated as a manifestation of the parties' preferences as to a convenient forum" and courts should place great weight on valid forum selection clauses. Jumara, 55 F.3d at 880. Furthermore, "[w]here the forum selection clause is valid . . . the [movants] bear the burden of demonstrating why they should not be bound by their contractual choice of forum." Id. (citations omitted).

**Analysis**

The forum selection clause, which in part provides that " . . . [the] Consultant agrees not to bring any action against the Company in any other jurisdiction except New Jersey," clearly expresses the intent of the parties was to give exclusive jurisdiction to the federal and state courts of New Jersey.

Atta Tareen is a successful businessman and principal in Home Mortgage who engaged in the negotiation and selling of complex insurance contracts with multiple clauses. He does not argue that the forum selection clause was the product of fraud or coercion. See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14 (1974). Therefore, this court finds that he not only is he competent to read and understand the straight forward phrasing of the consulting agreements' forum selection clause, but also that he voluntarily and freely executed both consulting agreements, one on his own behalf, the second on behalf of Home Protection.

Defendants, however, argue in the California Action as well as here that enforcement of the forum selection clause would contravene a strong public policy of California. The California district court, however, held otherwise. ("[E]nforcement of the forum selection clause does not, in itself, contravene a strong public policy of California. . . . [There is] no public policy that would be contravened by enforcing the forum selection clause. Therefore, the Court finds the forum selection clause to be reasonable and enforceable.") See Home Mortgage Protection Inc., et al. v. Matthew

Goldberg, et al., SACV 06-1046-JVS(MLGx) (C.D. Cal. Dec. 12, 2006) (Civil Minutes - General at 6).

Certainly, the enforcement of the New Jersey forum selection clause is not violative of New Jersey public policy. "[A] forum selection is not offensive to New Jersey public policy" and it is "prima facie valid and enforceable in New Jersey . . ." See, Randolph v. Baron, 2006 WL 2627977, *3 (D.N.J. Sept. 13, 2006) (citing Paradise Enterprises Ltd. v. Sapir, 356 N.J. Super. 96, 103 (App. Div. 2002) and Finkelschtein v. Carnival Cruise Lines, 2006 WL 1492469 (N.J. Super. App. Div. June 1, 2006). Thus, the forum selection clause here is enforceable in New Jersey and the parties should be made to live up to the intent of their agreement.

Defendants further argue that the court must consider the convenience of the parties and their witnesses as well as the interests of justice. Jumara, 55 F.3d at 880. Because Defendants voluntarily and freely agreed to a New Jersey forum selection, however, at this juncture they "cannot be heard to complain about inconveniences resulting from an agreement . . . freely entered into." See Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3d Cir. 1966).

Likewise, Defendants cannot argue that the interests of justice require transfer of this action to California. In light of the transfer of the California Action here, transfer of this action to California would serve only to increase the litigation costs, expend more judicial time and effort, and may result in conflicting determinations.

Therefore, it is in the best interests of the parties and the courts to maintain this action in New Jersey.

**CONCLUSION**

For the reasons cited above, the Court finds that there is a valid and mandatory choice of

forum and choice of law clause which binds the parties to litigate in New Jersey applying New Jersey law, which is not outweighed by any factors of convenience or interest of justice. An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Date: January 23, 2007